Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYTELLIGENCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | NO. 2:18-cv-00405-RAJ <br><br> PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS <br><br> **Noted for Consideration, Friday, April 13, 2018** |

Plaintiff, Phytelligence, Inc. ("Phytelligence"), seeks an order remanding this matter to the Superior Court for King County. Phytelligence is the plaintiff and therefore the "master of the complaint" and its pleadings definitely do not raise a federal question. Consequently, subject matter jurisdiction does not exist in this Court and it should be remanded under 28 U.S.C. § 1447(c). Because WSU lacks an objectively reasonable basis for removal in the first instance and failed to stipulate to remand upon request by Phytelligence's, the Court should award Phytelligence its attorneys' fees and costs incurred as a result of the removal.

## I. STATEMENT OF RELEVANT FACTS

This lawsuit arises out of a dispute between Phytelligence and WSU regarding a contract entered between the parties which allowed Phytelligence to propagate and eventually distribute plants of a new apple cultivar originally nominated "WA 38." The Agreement to Propagate Apple Cultivar Plant Materials for Washington State University, effective November

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST
FOR ATTORNEYS' FEES AND COSTS - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

27, 2012 (the "Propagation Agreement"), permitted Phytelligence to propagate a recently developed and patented variety of apple known by the mark "Cosmic Crisp" and granted to Phytelligence an option to obtain a license and participate as a seller of Cosmic Crisp apple plants after having met two conditions precedent, both of which have been met by Phytelligence. Dkt. 2-1. pp. 27-30.

Phytelligence communicated with WSU that it intended to exercise its option to participate as a seller. Nonetheless, WSU stymied all attempts by Phytelligence to obtain from WSU (or its agent) the license necessary to do so. Consequently, Phytelligence filed suit in the Superior Court of King County alleging breach of contract and seeking declaratory relief under RCW 7.24 *et seq.* ("Complaint"). Both claims were state law claims arising out of allegations that WSU breached the Propagation Agreement as well as seeking specific performance of WSU's obligation under the option agreement to provide a license for sale of plants of the Cosmic Crisp cultivar. *See* Exhibit A *sans* exhibits (filed February 26, 2018), hereto.

WSU, initially answered Phytelligence's complaint, on March 8, 2018, through an Answer and Counterclaim, alleging purely state law counterclaims. *See* Ex. B (WSU's Answer and Counterclaim to Complaint). In fact, WSU's state court pleading even asserted that, because the state court did not have subject matter jurisdiction to hear WSU's patent infringement claim, it was filing a simultaneous separate proceeding in the United States District Court for the Western District of Washington, No. 2:18-cv-00361, also filed March 8, 2018. *Id.* at p.4, ll: 25-27. That action, which contains the same claim for patent infringement, is currently pending before Judge Martinez. *See* Ex. C (WSU's March 8th Complaint for Patent Infringement and Breach of Contract), hereto.

Inexplicably, WSU then amended its King County Superior Court Answer and Counterclaim on March 18, 2018, to now assert the previously unassertable, patent infringement claim, which was already pending before Judge Martinez 10 days earlier in (Case

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST
FOR ATTORNEYS' FEES AND COSTS - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

No. 2:18-cv-00361). *See* Ex. D (WSU's March 18th Amended Answer and Counterclaim) at p. 11, ll. 7-24.

As soon as that was filed, the next day WSU improperly remove Phytelligence's state court breach of contract claim and related remedies to this Court, claiming that the newly filed patent infringement counterclaim as the basis for original jurisdiction in this court. *See* E (WSU's March 19th Notice of Removal). WSU specifically alleging therein that because "WSU—has asserted a claim for relief …relating to patents … [thus the state court action] may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1454." *Id.* at p. 2, ll. 6-9.

## II. ARGUMENT

A. <u>Phytelligence's Complaint in the King County Superior Court does not raise a federal question and therefore this case must be remanded</u>

WSU's Notice of Removal fails to assert that any of Phytelligence's claims raise a federal question under 28 U.S.C. §§ 1331 or 1338, and in that respect it is correct. Unquestionably, Phytelligence raised only claims for breach of contract and declaratory judgment in the Complaint. Neither of these simple state law claims raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 2431, 96 L. Ed. 2d 318 (1987) (holding that defenses based in federal preemption of simple breach of contract claims, which are state law claims cannot serve as a basis for removal to federal court). Thus, the critical question that must be answered in determining whether this lawsuit must be remanded to the Superior Court for King County is whether or not a defendant can create original jurisdiction in a federal district court through a counterclaim. The answer to this question has been definitely established as "No."

The United States Supreme Court first considered this exact question in *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830, 122 S. Ct. 1889, 1893, 153 L. Ed. 2d 13 (2002). *Holmes* involved a request for declaratory judgment regarding a trade-dress
PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

1 issue filed in federal district court, as well as a compulsory patent infringement counterclaim
2 based in federal patent law, which was appealed to the Federal Circuit Court of Appeals based
3 upon the argument that the case raised federal patent law questions arising under 28 U.S.C. §
4 1338. *Id.* The Supreme Court granted certiorari to determine whether indeed a question of
5 federal patent law had been raised by the pleadings that would establish jurisdiction for the
6 appeal in the Federal Circuit. *Id.* at 829.

7 In its opinion, the Supreme Court first examined whether the plaintiff's declaratory
8 judgment action raised a federal patent law question under the "well-pleaded complaint rule."
9 By that rule, courts determine whether a federal question exists for purposes of Section 1331
10 based upon what legal questions arise in the "plaintiff's statement of his own claim." *Id.* at
11 830. After determining that the well-pleaded complaint rule also applied to determining
12 whether a complaint raises a question of federal patent law for purposes of Section 1338, the
13 Supreme Court determined that the complaint for declaratory judgment <u>*did not*</u> raise a federal
14 patent law question. *Id.*

15 The Supreme Court then considered the argument that the well-pleaded complaint rule
16 also applied to counterclaims in determining whether original jurisdiction lies in federal district
17 court. The Supreme Court rejected that argument and ultimately determined that federal
18 jurisdiction generally exists only when a federal question is raised on the face of the *plaintiff's*
19 *complaint*, and that a counterclaim cannot serve to establish a basis for federal "arising under"
20 jurisdiction. *Id.* at 831 ("It follows that a counterclaim -- which appears as part of the
21 defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for
22 'arising under' jurisdiction")(citations omitted). In reaching that decision, the high court
23 reasoned that to permit otherwise would flout long standing principles that make the plaintiff
24 the "master of the complaint" which permits the plaintiff to avoid making federal law claims in
25 order to have the cause heard in state court. *Id.* at 831-32.

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST
FOR ATTORNEYS' FEES AND COSTS - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

| | |
|---|---|
| 1 | Although *Holmes* involves the issue of jurisdiction over an appeal by the Federal Circuit Court of Appeals, the Supreme Court reconfirmed its holding that original jurisdiction in federal courts cannot be established by a counterclaim in *Vaden v. Discover Bank*, 556 U.S. 49, 61, 129 S. Ct. 1262, 1273, 173 L. Ed. 2d 206 (2009). Unlike *Holmes*, *Vaden* directly considered whether a counterclaim may serve as the federal question permitting removal of a case from state court pursuant to 28 U.S.C. Section 1331. Thus, it is firmly established that a counterclaim does not "provide a key capable of opening a federal court's door." *Id.* at 66. |

As a consequence of the Supreme Court's clear holding that a counterclaim cannot serve as a basis to remove a state court action under 28 U.S.C. Sections 1331 or 1338, there is no basis by which this Court may exercise jurisdiction over the instant cause.

B. <u>The lack of objective basis for removal by WSU supports that Phytelligence should be awarded its attorneys' fees and costs incurred in pursuing remand to the King County Superior Court</u>

Section 1447(c) of Title 28, United States Code, authorizes an award of attorney's fees and costs in an order remanding a case to state court. Courts may award such fees and costs when the removing party lacked an objectively reasonable basis for seeking removal. Here, where the only theoretical basis for removal was based on the defendant's counterclaim, and the Supreme Court (as well as the 9th Circuit in prior case law) has directly held that counterclaims cannot serve as the basis of a federal question upon which removal is based, no objectively reasonable basis for removal exists. *See, e.g., Am. Fast Freight, Inc. v. R & R Exp., Inc.*, C12-1717RSM, 2013 WL 64771, at *4 (W.D. Wash. Jan. 4, 2013) (Judge Martinez in awarding fees and costs in light of the clear lack of removability foreclosed by Supreme Court precedent held that "the firm principle established by the Supreme Court that under the well-pleaded complaint rule, a counterclaim does not 'provide a key capable of opening a federal court's door.' Removal on the basis of defendants' counterclaims was thus improper."). Consequently, the Court should grant to Phytelligence its reasonable attorneys' fees and

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

expenses incurred in seeking remand. On reply, Phytelligence will provide a supporting declaration with the costs of bringing this motion and the expected reply briefing.

### III. CONCLUSION

Because the only claim sounding in federal law raised in this lawsuit is the patent infringement counterclaim raised by WSU, it is unable to meet its burden to show that this Court has original jurisdiction to hear this lawsuit. Thus, the Court should remand this matter to the King County Superior Court and grant to Phytelligence its attorneys' fees and costs incurred as a result of WSU's improper removal.

DATED this 22nd day of March, 2018 at Seattle, WA.[1]

s/Daniel A. Brown[2]
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
dbrown@williamskastner.com
dvelloth@williamskastner.com
bfassburg@williamskastner.com

Attorneys for Phytelligence, Inc.

---

[1] The above-attorney of record declares under penalty of perjury of the laws of the United States and Washington that the factual statements contained in footnote 2 are true and correct.

[2] Phytelligence, to the extent necessary when a court lacks jurisdiction over a matter, has conferred to the extent possible with counsel for defendant Washington State University ("WSU") on this issue. Prior to filing this motion, authority was presented showing the impropriety of removal in the first instance and requesting contrary authority from WSU. Rather than providing its good faith basis for removal, defense counsel attempted to push further communications out, which would add an additional week before this motion could be ultimately heard by the Court. This would add additional issues on upcoming court deadlines which Phytelligence does not believe it should be forced to respond to when the Court clearly lacks jurisdiction in this matter. The back and forth communications between counsel were admittedly in writing and not in person, but the timing of the motion did not allow for an in-person meeting on short notice as counsel did not learn of this removal until Tuesday, March 20, 2018.

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

                                                 s/Daniel A. Brown
                                                 Daniel A. Brown, WSBA #22028
                                                 WILLIAMS, KASTNER & GIBBS PLLC
                                                 601 Union Street, Suite 4100
                                                 Seattle, WA 98101-2380
                                                 Telephone: (206) 628-6600
                                                 Fax: (206) 628-6611
                                                 dbrown@williamskastner.com

                                                 Attorneys for Phytelligence, Inc.

PHYTELLIGENCE'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6398352.2