The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYTELLIGENCE, INC., | NO.  2:18-cv-00405-RAJ |
| Plaintiff, | PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO MOTION FOR REMAND |
| v. | |
| WASHINGTON STATE UNIVERSITY, | NOTED ON CALENDAR:  APRIL 6, 2018 |
| Defendant. | |

Washington State University's ("WSU") Opposition to Phytelligence, Inc.'s ("Phytelligence") Motion for Remand raises new issues and arguments in an attempt to support the exercise of federal jurisdiction over all claims and counterclaims asserted.  Its Response perhaps would have demonstrated a basis for removal of its duplicative patent infringement claim, except for the fact that WSU previously filed identical patent claims pending in federal court.[1]  Instead, although WSU's brief identifies a change in direction regarding the issues a Court must consider, it fails to establish that supplemental jurisdiction can or should be exercised by the Court over the state law claims, including Phytelligence's state law breach of contract and declaratory judgment claims against WSU.  Consequently, the Court should remand Phytelligence's complaint and WSU's state law claims to the Superior Court for King County, Washington and should ultimately dismiss WSU's patent infringement counterclaim in deference to WSU's already pending and first-filed patent infringement complaint.

---

[1] Case No. 2:18-cv-00361

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO MOTION FOR REMAND - 1

(NO.  2:18-cv-00405-RAJ)

6410455.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# I. ARGUMENT

A. The "Holmes Fix" was intended to avoid state courts ruling upon compulsory patent counterclaims, not to permit gamesmanship for purposes of overcoming the "master of complain" doctrine or the first-filed rule

  1. WSU's patent claim was asserted to manipulate jurisdiction and is not a compulsory counterclaim

WSU argues its removal of Phytelligence's state law breach of contract and declaratory judgment action is proper due to the application of 28 U.S.C. § 1454. While WSU is correct that Section 1454 was created to permit removal of a counterclaim arising out of patent law,[2] the *Holmes* fix" was just that. It was created to avoid the trap by which compulsory patent counterclaims were once forced into state court. The "fix" was not, however, intended to create a new problem and permit the assertion of non-compulsory counterclaims solely for the purpose of obtaining federal court jurisdiction over the plaintiff's state law causes of action.

As a number of courts have commented, the legislative history of the America Invests Act, the bill by which Section 1454 was enacted, demonstrates that it was passed as a "*Holmes* fix" that avoided the litigation of federal question patent or copyright claims in state court, in order to ensure uniformity. *See Donahue v. Tokyo Electron Am., Inc.*, A-14-CA-563-SS, 2014 WL 12479285, at *3 (W.D. Tex. Sept. 2, 2014); *Masimo Corp. v. Mindray DS USA, Inc.*, CIV.A. 15-0457 SDW, 2015 WL 5164813, at *8 (D.N.J. Sept. 1, 2015)(discussing that legislative history demonstrates the purpose of Section 1454 was to prevent state courts from acquiring jurisdiction over patent claims, which have been within the exclusive jurisdiction of federal courts since at least 1836).

Nevertheless, Congress intended only to prevent compulsory patent counterclaims from being forced into state court, and not to create avenues by which federal jurisdiction can be created through unrelated counterclaims. This intent is apparent from the comments of Sen. Kyl, who remarked that by limiting the expansion of appellate jurisdiction in the Federal

---

[2] A principle, which despite diligent research performed, was not apparent to counsel for Phytelligence at the time the Motion for Remand was filed.

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO MOTION FOR REMAND - 2

(NO. 2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Circuit to compulsory counterclaims, the new law would avoid manipulation of jurisdiction by a defendant with a permissive patent counterclaim.   157 Cong. Rec. S1379 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).  The Legislature's intent is also apparent on the face of Sections 1454(d)(1)-(2) which require federal courts to remand claims removed under Section 1454(a), but which are not within the original or supplemental jurisdiction of the court, and permit remand of claims within the supplemental jurisdiction when they fall within the provisions of Section 1367(c).  Thus, Section 1454 ensures federal courts may exercise jurisdiction over patent claims, but also provides a framework by which the federal courts may continue to respect principles of comity and strict construction of removal statutes by remanding the state law claims.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has define.")

Phytelligence's patent counterclaim is not, however, a compulsory counterclaim.

Federal Rule 13(a) provides that a counterclaim is compulsory only if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim.  In the patent-infringement context, the Federal Circuit applies three tests to determine whether a patent infringement claim arises out of the same transaction or occurrence: "(1) whether the legal and factual issues raised by the claim and counterclaim are largely the same; (2) whether substantially the same evidence supports or refutes both the claim and the counterclaim; and (3) whether there is a logical relationship between the claim and the counterclaim."  *In re Rearden LLC*, 841 F.3d 1327, 1332 (Fed. Cir. 2016).

Here, the legal issues raised by Phytelligence's complaint and WSU's unfounded patent infringement counterclaim share no legal or factual bases.  Phytelligence alleges WSU breached the Propagation Agreement's option clause by refusing to provide a license, the issuance of which was expected by both parties and the purpose of the Propagation Agreement.

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO
MOTION FOR REMAND - 3

(NO.  2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   The legal issues implicated by Phytelligence's claim are wholly grounded in state contract law

2   and the evidence expected to be offered surrounding that cause of action relate to: the attempts

3   made to exercise Phytelligence's option, the conduct of WSU in entering an exclusive license

4   agreement with a third party, and the damages suffered by Phytelligence as a consequence of

5   WSU's refusal to provide the required license.   Conversely, WSU alleges in its patent

6   infringement claim that Phytelligence sold patented cultivars to third parties and thereby

7   infringed upon the patent that is the subject of the license. [3]   Although both claims relate to the

8   patented cultivars, the resolution of Phytelligence's claim involves no issues of patent law.

9   Admittedly, there is a limited degree of logical relationship between the claim and

10  counterclaim, because should Phytelligence succeed in its request for specific performance,

11  WSU's baseless patent infringement claim will be made wholly moot.   Nonetheless, it could

12  hardly be said that should WSU have failed to assert a patent infringement claim here that it

13  would be barred by res judicata from being raised in subsequent litigation, which is the

14  hallmark of a compulsory counterclaim.[4]  *Local Union No. 11, Int'l Bhd. of Elec. Workers,*

15  *AFL-CIO v. G. P. Thompson Elec., Inc.*, 363 F.2d 181, 184 (9th Cir. 1966)("a party who fails

16  to plead a compulsory counterclaim is precluded by res judicata").

17          2.      Similarly, there is no supplemental jurisdiction over Phytelligence's claims

18          The Court should similarly rule that Phytelligence's state court claims are not within

19  the supplemental jurisdiction of federal district courts established by 28 U.S.C. § 1367, and

20  remand Phytelligence's state court claims pursuant to 28 U.S.C. § 1454(d)(1).

21          Pursuant to Section 1367(a), federal district courts have supplemental jurisdiction over

22  "all other claims that are so related to claims in the action within such original jurisdiction that

23  they form part of the same case or controversy."  To exercise supplemental jurisdiction, the

24  claims over which the court will exercise jurisdiction must arise out of a "common nucleus of

---

[3] Phytelligence denies that it sold any of the patented WA 38 cultivars and believes this claim was asserted purely as an attempt to avoid the sizeable damages resulting from WSU's wrongful conduct in breaching the Propagation Agreement by entering into an exclusive license agreement with a third party.
[4] Which is especially true here, when that claim was already pending in federal district court.

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO
MOTION FOR REMAND - 4

(NO.  2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed.

2    2d 218 (1966).  However, the power to exercise supplemental jurisdiction is limited, and

3    federal courts should avoid exercising jurisdiction over state law claims needlessly.  *Id.* at 726.

4    Where state law and federal law claims only relate generally through a larger dispute, but do

5    not share the same operative facts, courts lack supplemental jurisdiction.  *AngioScore, Inc. v.*

6    *TriReme Med., LLC*, 666 Fed. Appx. 884 (Fed. Cir. 2016)(reversing and remanding with

7    instruction to dismiss state law claims over which court did not have supplemental jurisdiction

8    because they were only generally related to the patent infringement claim on which federal

9    jurisdiction was based).

10          Here, the sole claim over which this court maintains original jurisdiction is WSU's

11   baseless patent infringement claim.  As addressed above, the facts which must be established to

12   demonstrate WSU's breach of the Propagation Agreement only relate tangentially to the facts

13   which might support patent infringement.  Under similar circumstances, federal courts have

14   remanded or dismissed state law claims while retaining the patent law claim on which removal

15   was based under Section 14549(d)(1).  *See, e.g., Id.* (allegation of breach of fiduciary duty

16   against board member who failed to offer invention to his fiduciary was not within

17   supplemental jurisdiction of federal court hearing patent infringement case, despite the fact that

18   both causes of action required the court to hear related evidence, because the operative facts of

19   each cause of action minimally overlapped); *TransCardiac Therapeutics, Inc. v. Yoganathan*,

20   85 F. Supp. 3d 1351 (N.D. Ga. 2014)(declining to exercise supplemental jurisdiction over and

21   remanding state law breach of contract claims despite proper removal of patent law claim

22   under 28 U.S.C. § 1545 because although there was minimal overlap, the claims did not require

23   the same witnesses, presentation of evidence or factual determinations)*; Masimo Corp. v.*

24   *Mindray DS USA, Inc.*, CIV.A. 15-0457 SDW, 2015 WL 5164813 (D.N.J. Sept. 1,

25   2015)(dismissing patent claims that were previously filed in another court and remanding state

26   law claims to state court); *Moofly Prods., LLC v. Favila*, CV1305866SJOPJWX, 2015 WL

27

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO
MOTION FOR REMAND - 5

(NO.  2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

12655381, (C.D. Cal. May 19, 2015)(court dismissed state law claims that were unrelated to copyright claim serving to give court original jurisdiction under Section 1454).

Consequently, the Court should remand Phytelligence's state court claims pursuant to 28 U.S.C. § 1454(d)(1).

3.  The sole claim permitting removal should be dismissed under the first-filed doctrine, thus it appears WSU is also forum-shopping

Even should the Court rule that supplemental jurisdiction exists, it should still remand the state court claims pursuant to Section 1454(d)(2) by reference to 28 U.S.C. § 1367(c)(2), because the breach of contract claim predominates over WSU's patent infringement allegation, which will be rendered moot if Phytelligence's request for specific performance is granted. Moreover, pursuant to 28 U.S.C. § 1367(c)(3), the Court should exercise its discretion to stay the patent infringement claim and remand this case in its entirety.  As WSU admits, prior to asserting a patent infringement claim in an attempt to create federal jurisdiction over Phytelligence's claims, WSU filed a factually identical patent infringement lawsuit against Phytelligence in a separate cause.  That conduct invokes the first-to-file rule.  Pursuant to the first-to-file rule, this court may stay proceedings with substantially similar issues and parties filed first in a separate cause.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015)(holding the first-to-file rule allows a district court to stay the latter of nearly identical parallel proceedings).

B.  WSU refused Phytelligence's attempts to confer before a response was due

The Court should also reject WSU's request that the Motion to Remand should be stricken due to an alleged failure to meet and confer.  Notwithstanding the fact that jurisdictional issues should not be ignored for purely procedural bases, counsel for Phytelligence sought to confer in advance of filing, but was met with nothing but stall tactics. Nonetheless, Phytelligence continued to engage in substantive written discussions with WSU following the filing of its motion.  However, demonstrating that counsel for WSU only sought a perceived litigation advantage, counsel for Phytelligence's subsequent offers to consider

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO MOTION FOR REMAND - 6

(NO.  2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

authority offered by WSU were rejected – violating the spirit of this Court's order.  Instead, counsel for WSU insisted a meet and confer would only be considered if Phytelligence struck its motion.  Based upon the substantive conference that did occur, the refusal by WSU to engage in a meaningful exchange of authority, and the legal position WSU ultimately took with respect to its removal, Phytelligence believes the spirt of the Court's meet and confer requirement has been met and that its motion and subsequent briefing would have been necessary regardless of the timing of a "meet and confer" conference.[5]

## II.  CONCLUSION

For the foregoing reasons, Phytelligence requests the Court remand all state law claims of Phytelligence and WSU, and stay or dismiss WSU's duplicative patent infringement cause of action.

DATED this 6th day of April, 2018.

s/ Daniel A. Brown
Daniel A. Brown, WSBA #22028
Attorneys for Plaintiff Phytelligence, Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com

---

[5] Albeit, the motion may have taken a different approach had WSU been more forthcoming with its authority.

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO MOTION FOR REMAND - 7

(NO.  2:18-cv-00405-RAJ)

6410455.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

## <u>CERTIFICATE OF SERVICE</u>

2

      I hereby certify that on April 6th, 2018, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4

CM/ECF participants.

5

s/ Daniel A. Brown
Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com
Attorneys for Phytelligence, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PHYTELLIGENCE'S REPLY TO WSU'S OPPOSITION TO
MOTION FOR REMAND - 8

(NO.  2:18-cv-00405-RAJ)

6410455.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600