UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHYTELLIGENCE, INC.,

Plaintiff,

v.

WASHINGTON STATE UNIVERSITY,

Defendant.

CASE NO. C18-405 RSM

ORDER DENYING MOTION FOR REMAND AND MOTION FOR RELIEF FROM DEADLINES

This matter comes before the Court on Plaintiff's Motion for Remand and Request for Attorney's Fees and Costs (Dkt. #8) and Motion for Relief from Initial Court Order Setting Deadlines (Dkt. #9). Both motions are opposed. Dkts. ##10, 15. Defendant requested oral argument on Plaintiff's Motion for Remand, however the Court does not find oral argument necessary. Having considered the parties' briefing and the relevant record and for the reasons set forth below, the Court denies Plaintiff's Motion for Remand and denies, as moot, Plaintiff's Motion for Relief from Deadlines.

On February 26, 2018, Plaintiff Phytelligence, Inc. filed this action in King County Superior Court against Defendant Washington State University. Dkt. #1-1. Plaintiff's Complaint alleges that Defendant is in breach of contract and seeks declaratory relief, specific performance of the contract, and damages. *Id.* Defendant filed its Answer and Counterclaim on March 8, 2018, alleging its own claims of breach of contract, common law trademark infringement and unfair competition, and violation of the Washington Consumer Protection Act. Dkt. #8-1 at 12–24. The Answer and Counterclaim also alleges a claim of false designation of origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a) and states that Defendant intended to assert its patent infringement claim separately in the U.S. District Court for the Western District of Washington.

ORDER – 1

*Id.* On that same day, Defendant filed a complaint against Plaintiff in this Court, alleging patent infringement. *See Phytelligence, Inc. v. Washington State University*, 18-cv-00361-RSM. On March 18, 2018, Defendant filed an Amended Answer and Counterclaim in this action, adding a counterclaim of patent infringement identical to the claim filed in its March 8, 2018 federal court action. Dkt. #8-1 at 26–35, 37–50. Defendant then filed a Notice of Removal on March 19, 2018. Dkt. #1.

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, Defendant asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1454, which allows removal of "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1454(a). Section 1454 was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).

Plaintiff argues that Defendant's patent counterclaim is not compulsory and that section 1454 is therefore not properly applied here. This lawsuit arises out of a dispute related to a contract between the parties ("Propagation Agreement"), which allowed Plaintiff to propagate WA 38 trees, a new apple cultivar. Dkt. #1-1. The Propagation Agreement also gave Plaintiff the option to obtain a license to sell WA 38 trees in the future. *Id*. In 2016, Plaintiff contacted Defendant to ask how to obtain a commercial license to sell WA 38 trees. *Id*. Defendant alleges that Plaintiff refused to choose any of the options offered for obtaining a commercial license and

ORDER – 2

sold 135,000 WA 38 trees to a grower without a proper license. Dkt. #1-2. Defendant contends that this sale was a violation of the Propagation Agreement and its patent and trademark rights. *Id.* Plaintiff alleges that Defendant refused to issue Plaintiff a commercial license after two years of negotiations, in violation of the Propagation Agreement. Dkt. #1-1.

While Plaintiff argues that the legal issues raised by the parties share no legal or factual underpinning, Plaintiff admits that there is a "logical relationship" between both parties' claims, but argues that they are only related to a "limited degree." Dkt. #17 at 3–4. Plaintiff's claims and Defendant's claims necessarily arise out of the same set of facts: the Propagation Agreement, Plaintiff's ability to obtain a commercial license to sell WA 38 trees, and the alleged sale of the WA 38 trees. Both parties allege breach of the Propagation Agreement, and Plaintiff's alleged breach of that agreement is the basis for Defendant's patent and trademark claims. Federal Rule of Procedure 13(a) provides that a counterclaim is compulsory only if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim. Fed. R. Civ. P. 13(a). That requirement is clearly met here.[1]

Accordingly, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion for Remand and Request for Attorney's Fees and Costs (Dkt. #8) is DENIED.
2. Plaintiff's Motion for Relief from Initial Court Order Setting Deadlines (Dkt. #9) is DENIED as moot.
3. The Court will issue a new initial scheduling order.

Dated this 17th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendant also argues that the Court should strike Plaintiff's Motion for Remand for failure to comply with Judge Jones' Standing Order for Civil Cases. That Standing Order requires counsel to "contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*." Dkt. #5. Because the Court has otherwise found that Plaintiff's Motion should be denied, the Court need not consider this argument.

ORDER – 3