UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYTELLIGENCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | Case No. C18-405 RSM <br><br> ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL |

This matter comes before the Court on Plaintiff Phytelligence, Inc.'s Motion for Reconsideration. Dkt #102. Phytelligence moves for reconsideration of the Court's Order granting summary judgment for Washington State University ("WSU"), arguing the Court engaged in manifest error and that "testimony obtained after the close of briefing demonstrates triable issues of material fact, precluding summary judgment." *Id*. at 2. Defendant Washington State University has filed a Response at the request of the Court. Dkt. #112; *see* LCR 7(h)(3).

Phytelligence argues the following demonstrate manifest error: "(1) refusing to consider extrinsic evidence for purposes of interpreting the option clause; (2) improperly weighing the extrinsic evidence, and doing so in favor of WSU, the moving party; and (3) improperly construing the text of the option clause in a manner that renders it illusory despite the parties' intention to create a binding agreement." Dkt. #102 at 2.

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART
MOTION TO SEAL - 1

Phytelligence points to the following new evidence as creating triable issues of material fact: A) a WSU official testifying that the option clause was form language not typically included in such an agreement but included here to incentivize Phytelligence to propagate WA 38; B) testimony about WSU's back-and-forth communications with Phytelligence from 2014–2017 about shifting requirements to exercise the option. Dkt. #102 at 6. This new evidence comes from depositions taken after the close of briefing on the underlying Motion.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The Court first addresses the issue of manifest error. The Court cited *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 115 P.3d 262, 267 (2005) for the proposition that extrinsic evidence may not be used to "show an intention independent of the [contract]" or to "vary, contradict[,] or modify the written word." Dkt. #96 at 7. The Court found that Section 4 of the Agreement at issue "unambiguously requires a future contract without detailing the terms of such a contract," and that although Phytelligence attempts to show that the parties intended to agree that the future contract referred to in Section 4 would consist of 'standard' or 'uniform' license terms, the extrinsic evidence is too vague to demonstrate the meaning or context of the word "contract." *Id*. at 9. The Court found that, even if the Court were to consider the extrinsic evidence, it would be insufficient to prove the existence of agreed-upon terms. *Id*.

Phytelligence relies on *Berg v. Hudesman*, 115 Wn.2d 657, 801 P.2d 222 (1990). Phytelligence argues that "[i]t is manifest error to decline to consider extrinsic evidence in

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 2

interpreting a contract," citing *Berg*, then in the next paragraph acknowledges that "the *Hearst* court held that extrinsic evidence may not be used to show an intention independent of a written instrument or to vary or contradict the written words…" Dkt. #102 at 2. It is untenable to state that extrinsic evidence *must* be considered under *Berg* then to say in the next breath that there are circumstances where it cannot be used. It is precisely those circumstances the Court found exist here—that Phytelligence is attempting to offer extrinsic evidence to contract and expand the written words of the agreement. The agreement signed by Phytelligence states that it "will need to sign a separate contract… to exercise this option." Dkt #1-1 at 12. Phytelligence and WSU never signed this separate contract. Although the parties are free to disagree about what the terms of that separate contract should have been, Phytelligence's extrinsic evidence cannot be used to vary, contradict, or modify this language.

While Phytelligence correctly points out that the Court should not "adopt a contract interpretation that renders part of the contract absurd or meaningless," *Kelley v. Tonda*, 393 P.3d 824, 832, 198 Wn. App. 303 (Wash. Ct. App. 2017), this does not prevent the Court from finding a part of the contract to be an unenforceable agreement-to-agree as a matter of law.

In any event, the Court also found the extrinsic evidence offered by Phytelligence insufficient to prove the existence of *agreed upon* terms. This was an independent basis for granting summary judgment. Phytelligence submitted extrinsic evidence of "assurances" as to various terms, but no evidence establishing agreement between the parties sufficient to bind WSU to the process preferred by Phytelligence. The Court thus found that Phytelligence failed to make a sufficient showing as to this essential element of its case as a matter of law. To the extent Phytelligence was arguing at summary judgment that the agreement was not fully integrated and that the parties subsequently contracted for additional terms, this was not in the

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 3

pleadings, and the Court agrees with WSU that it is procedurally improper to introduce these new claims in response to a summary judgment motion. *See* Dkt. #96 at 8.

Turning to the issue of the newly introduced evidence, the Court agrees with WSU that the deposition testimony and exhibits are cumulative, offered to support previously-made arguments the Court rejected, and largely irrelevant to the Court's threshold ruling on whether the option clause was enforceable. More importantly, Phytelligence fails to establish that it could not have presented this evidence earlier with reasonable diligence. WSU did not file the underlying Motion for Summary Judgment until seven months after discovery began. WSU later stipulated to a two-week extension of the deadline for Phytelligence's opposition, and agreed Phytelligence was free to "request[] additional time to file and serve opposition papers to the Motion, or request[] relief pursuant to Fed. R. Civ. P. 56(d)." Dkt. #61 at 1. Phytelligence did not request such relief. Despite this extension, Phytelligence conducted the depositions relied on in the instant Motion after it responded to WSU's Motion for Summary Judgment. Considering all of the above and the remainder of the record, the Court finds a lack of diligence on the part of Phytelligence in obtaining this discovery and including it in briefing. The instant Motion will thus be denied.

The Court has reviewed the related Motion to Seal (Dkt. #104) and the Response from interested third party Proprietary Variety Management, LLC, Dkt. #118, and finds good cause for sealing the only remaining exhibit at issue.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion for Reconsideration (Dkt. #43) is DENIED.

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 4

2) Plaintiff's Motion to Seal (Dkt. #104) is GRANTED with regard to "Exhibit J" found at Dkt. #106-5 and DENIED as to all other exhibits. Dkt. #106 is to remain sealed with its attachments and Plaintiff is DIRECTED to refile the Declaration of Sara L. Tolbert and all exhibits except Exhibit J on the docket in unsealed form.

3) Washington State University has waived its request for an award of damages on its Counterclaim against Phytelligence. Accordingly, no damages are awarded to Washington State University on its Counterclaim, therefore this case is CLOSED and the Judgment (Dkt. # 97) stands.

DATED this 18th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 5