UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHYTELLIGENCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | Case No. C18-405RSM <br><br> ORDER DENYING MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Defendant Washington State University ("WSU")'s Motion for Attorneys' Fees on Patent and Trademark Infringement Claims. Dkt. #127. WSU argues that it is the prevailing party on its claims for patent and trademark infringement in this case, and that it is entitled this relief under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), which allow awards of attorneys' fees for patent and trademark infringement, in "exceptional cases." *Id*. at 3. Plaintiff Phytelligence, Inc. contends that WSU is not the prevailing party on its patent and trademark claims and that this case is not exceptional. Dkt. #136.

This case was originally filed by Phytelligence with claims for breach of contract against WSU. Dkt. #1-1. WSU asserted counterclaims for patent and trademark infringement. After the Court granted WSU's motion for summary judgment and dismissed Phytelligence's claims, Dkt. #96, only WSU's patent and trademark counterclaims remained. WSU then

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 1

waived damages as to these claims, pursuing only injunctive relief. Dkt. #101. The parties entered a stipulation, signed by the Court, whereby Phytelligence agreed to be enjoined from using the term COSMIC CRISP unless granted a license. Dkt. #116. The stipulation acknowledges the appeal pending in this case.

"[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)

Phytelligence argues that it "ceased the challenged [infringement] conduct once it realized a license would not be forthcoming soon," and that the stipulated injunction "merely prohibits Phytelligence from activities proscribed by the Patent and Lanham Acts, behavior that Phytelligence was not engaged in and from which it was already prohibited, injunction or not." Dkt. #136 at 10. On Reply, WSU argues that the injunction "changed the parties' relationship by giving WSU a remedy if Phytelligence violates the injunction in the future" by allowing this Court to enforce the injunction rather than requiring WSU to file a new suit. Dkt. #144 at 4.

As a threshold matter, WSU has failed to show how it was the prevailing party on its patent and trademark infringement counterclaims. WSU obtained no damage award on these claims and has failed to explain how the Court's injunction has altered Phytelligence's behavior or imposed a restriction that did not already exist under law. Accordingly, fees are not warranted. Even if WSU were the prevailing party, it has failed to demonstrate that this is an exceptional case of patent and trademark infringement as contemplated by the statute. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. Icon Health &*

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 2

*Fitness, Inc.*, 572 U.S. 545, 554 (2014). In this case, the strength of each party's litigating position was never tested on the merits (as opposed to a fight over attorneys' fees). Further, the manner in which these counterclaims were litigated, where Phytelligence stipulated to being enjoined from further infringement and WSU waived damages, hardly strikes the Court as unreasonable.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Washington State University ("WSU")'s Motion for Attorneys' Fees on Patent and Trademark Infringement Claims, Dkt. #127, is DENIED.

2) The Court did not materially rely on Dkts. #132, #142, or #143 in reaching this ruling. Accordingly, Motions to Seal these documents, Dkts. #130 and #140 are DENIED AS MOOT. These documents may remain under seal.

DATED this 16 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO SEAL - 3